**LEWIS BRISBOIS BISGAARD & SMITH LLP**
JULIE E. MAURER, SB #023347
Julie.Maurer@lewisbrisbois.com
ANDREW B. KLEINER, SB #034479
Andrew.Kleiner@lewisbrisbois.com
Phoenix Plaza Tower II
2929 North Central Avenue, Suite 1700
Phoenix, Arizona 85012-2761
Telephone: 602.385.1040
Facsimile: 602.385.1051

*Attorneys for Plaintiff Mayflower Transit, LLC*

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA, PHOENIX

| Mayflower Transit, LLC, | Case No. |
|---|---|
| Plaintiff, | |
| vs. | **COMPLAINT** |
| Gerry Sutherland, | |
| Defendant. | |

Plaintiff Mayflower Transit, LLC (hereinafter "Mayflower"), by and through undersigned counsel, does hereby state and allege as follows:

**PARTIES, JURISDICTION AND VENUE**

1. Mayflower is a Missouri limited liability company with its principal place of business in Fenton, Missouri. Mayflower is a motor carrier of household goods and personal property by the authority of the Surface Transportation Board and the I.C.C. Termination Act of 1995, 49 U.S.C. § 13101 et. seq.

2. Upon information and belief, Defendant Gerry Sutherland resides in Port Ludlow, Washington.

3. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331 and 1337, as confirmed in *Thurston Motor Lines, Inc. v. Rand*, 460 U.S. 533 (1983). This action involves the collection of interstate tariff charges for a shipment moving in interstate commerce pursuant to the Interstate Commerce Act, 49 U.S.C. §§ 14705, 13706 and 13702.

4. The matter complained of herein and the liability of Defendant arises from the interstate carriage of goods.

5. 28 U.S.C. §§ 1331 and 1337 confer original jurisdiction upon these actions arising under the Acts of Congress regulating commerce, regardless of the amount in controversy.

6. Venue is proper in the United States District Court for the District of Arizona because a substantial part of the events or omissions giving rise to the claim occurred in this venue. 28 U.S.C. § 1391 (b).

## CLAIM FOR RELIEF

### (Breach of Interstate Transportation Contract)

7. Mayflower repeats and realleges paragraphs 1 through 6 of the Complaint as though fully set forth herein.

8. The matter complained of herein and the liability of Defendant are predicated upon the interstate transportation of property by Mayflower, pursuant to a Bill of Lading and Mayflower's duly published tariff incorporated therein by reference. 49 U.S.C. §§ 13702 and 13706.

9. On or about August 25, 2020, Defendant entered into and accepted a contract with Mayflower for the interstate shipment of their goods from Sun City, Arizona to Port Ludlow, Washington. The contract, Uniform Bill of Lading No. 1155-813-0 ("Bill of Lading"), incorporates by reference Mayflower's published tariff UMT1.

10. Item 37 of Mayflower's published tariff UMT1 states in part,

> "In addition to these terms, to the extent not already applicable, the rules governing carrier's and customer's obligations relating to payment and collection of charges and the processing of claims for overcharge, duplicate payment, or overcollection found in Titles 49 of the U.S. Code and U.S. Code of Federal Regulations are hereby adopted as if fully stated in this tariff."

11. Defendant tendered to Mayflower her goods for interstate transit from Arizona to Washington.

12. On or about August 17, 2020, Mayflower delivered the tendered goods to Defendant at Port Ludlow, Washington, pursuant to the Bill of Lading.

13. The interstate tariff transportation charges, in the total amount of $6,918.29, are due from the interstate carriage of Defendant's goods from Sun City, Arizona to Port Ludlow, Washington.

14. Defendant made payment in the amount of $6,918.29 via credit card. Due to an alleged claim for delay and cargo loss and damage, Defendant disputed the charges to her credit card, leaving the entire balance of interstate tariff transportation charges, in the amount of $6,918.29, due for the interstate carriage of Defendant's goods from Sun City, Arizona to Port Ludlow, Washington.

15. The interstate transportation services for carriage of Defendant's goods were performed in accordance with the Bill of Lading and Mayflower's tariff provisions incorporated therein.

16. Defendant was the actual and beneficial owner or legal possessor and consignee of the goods for which the interstate transportation services were provided by Mayflower, pursuant to the Bill of Lading. In accordance with 49 U.S.C. §§ 13702 and 13706, Mayflower is obligated to collect, and Defendant is obligated to pay, the full applicable tariff charges due.

17. Mayflower has performed all the terms and conditions set forth in the Bill of Lading and there is due and owing the balance of $6,918.29 as unpaid tariff transportation charges.

18. Despite timely and repeated demands, Defendant has breached the Bill of Lading by failing and/or refusing to pay Mayflower the outstanding transportation charges. Defendant is liable to Mayflower in the sum of $6,918.29, pursuant to the terms of the Bill of Lading and the I.C.C. Termination Act of 1995, §§ 49 U.S.C. 13706 and 13707.

19. The unpaid amounts owed are liquidated amounts which became due on specified dates; thus, Mayflower is entitled to pre-judgment interest at the highest rate

allowed by law on all such obligations from the dates in which they became due through the date of judgment.

## PRAYER FOR RELIEF

Mayflower prays for the entry of a judgment against Defendant, as follows:

A.    For actual damages in the amount of $6,918.29.

B.    Interest at the highest rate allowed by law from the relative dates to the date of judgment.

C.    For costs of this action; and/or for such other and further relief as the Court deems just and proper.

DATED this 30th day of July 2021.

LEWIS BRISBOIS BISGAARD & SMITH LLP

By: *s/ Andrew B. Kleiner*
Julie E. Maurer
Andrew B. Kleiner
*Attorneys for Plaintiff Mayflower Transit, LLC*

34313-148